IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:13-CV-00733-FL

| | | |
|---|---|---|
| ANTHONY MCNAIR, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM &** |
| | ) | **RECOMMENDATION** |
| EASTERN DISTRICT NC FEDERAL | ) | |
| OFFICIALS, | ) | |
| Defendants. | ) | |

Plaintiff has filed an application to proceed *in forma pauperis*, DE-1, and has demonstrated appropriate evidence of inability to pay the required court costs. The Court must also conduct a review pursuant to 28 U.S.C. § 1915, which requires the Court to dismiss all or part of any action found to be frivolous or malicious, which fails to state a claim upon which relief can be granted, or which seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2)(B); *see Cochran v. Morris*, 73 F.3d 1310, 1315-16 (4th Cir. 1996). On October 21, 2013, the undersigned entered an order directing Plaintiff to particularize his complaint, and informing Plaintiff that failure to file a particularized complaint within twenty days would result in a recommendation of dismissal of the complaint. DE-4. For the following reasons the undersigned recommends that Plaintiff's Complaint be found insufficient to survive review under 28 U.S.C. § 1915.

Plaintiff's revised complaint (DE-5) reiterates the allegations of his earlier complaint (*Compare* DE-5 at 4 *with* DE-1-1 at 2). In addition, Plaintiff states that "plaintiff McNair is suing the defendant's [*sic*] Eastern District of N.C. Federal Official's [*sic*] for Compensation, cause the

1

defendant's courts official's hinder[e]d, deny and condemn plaintiff McNair due process by law to proceed with his complaints." DE-5 at 2 (citing case No. 5:11-cv-122-FL). More specifically, in his request for relief, Plaintiff states that he has suffered a litany of injuries by virtue of the "Eastern District of N.C. Federal Official's" actions, alleging that he has been denied employment, nutrition assistance, education, medication, and other services. DE-5 at 3. These allegations do not adequately address the issues raised by this Court's prior Order. *See* DE-4. Reading Plaintiff's allegations quite broadly, it appears that this case arguably does not fall within the ambit of the pre-filing injunction, insofar as it is targeted towards federal officials for "hindering" Plaintiff's ability to proceed with his complaints, rather than either seeking monetary damages with respect to state court convictions or bringing a constitutional challenge to state court criminal proceedings. *See McNair v. Tarboro District Attorney's Office, et al.*, No. 5:11-CV-122-FL, 2011 WL 1743478, at *1 (E.D.N.C. May 2, 2011). Nonetheless, the bare allegations in the complaint are still insufficient to comply with the Federal Rules and also to place defendants on notice as to the claims brought against them. *See White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (noting that a complaint must contain factual allegations, otherwise the claim is nothing more than a bare assertion and frivolous).

Accordingly, Plaintiff has not adequately particularized his Complaint, and his claims should be dismissed as frivolous for this reason alone. Moreover, insofar as Plaintiff appears to be suing the "federal officials" of this Court, alleging that his rights were violated by entry of the pre-filing injunction, *see* DE-5 at 2 (citing case imposing injunction), Plaintiff fails to state a claim upon which relief may be granted.

A "frivolous" claim lacks "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. This Court is required to liberally construe *pro se* complaints. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, *id.*; *see also Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Erickson*, 551 U.S. at 93. Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts setting forth a claim cognizable in a federal district court. *See Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1953 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). *See also Brown v. EEOC*, No. 4:05-cv-74-H, 2006 U.S. Dist. LEXIS 95997, at *2 (E.D.N.C. May 18, 2006) ("[W]hile the Court must liberally construe the plaintiff's pro se pleadings, the Court will not act as the plaintiff's counsel.").

3

Here, Plaintiff's claim is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327. Insofar as he alleges that this Court's issuance and enforcement of the pre-filing injunction has deprived him of his rights, Plaintiff's suit is barred. *See In re Mills*, 287 F. App'x 273, 279 (4th Cir. 2008). "Judges performing judicial acts within their jurisdiction are entitled to absolute immunity from civil liability claims." *Id.*; *see also Dalenko v. Stephens*, 917 F. Supp. 2d 535, 549-50 (E.D.N.C. 2013). This immunity extends to judicial officers (and therefore "Eastern District Federal Officials") for administrative actions "undertaken pursuant to the [judge's] explicit direction." *Mills*, 287 F. App'x at 279 (quoting *Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992)). The doctrine encompasses judicial officers in such circumstances due to "the 'danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts[.]' " *Kincaid*, 969 F.2d at 601 (quoting *Scruggs v. Moellering*, 870 F.2d 376, 377 (7th Cir. 1989)). Plaintiff's claim therefore lacks any arguable basis in law.

In sum, Plaintiff has failed to adequately particularize his complaint and allege facts upon which relief can be granted. For this reason, the undersigned recommends that Plaintiff's Complaint be dismissed as frivolous.

**Conclusion**

For the aforementioned reasons, the undersigned RECOMMENDS that Plaintiff's motion to proceed *in forma pauperis* be GRANTED, but that his Complaint be dismissed for failure to state a claim.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Wednesday, October 30, 2013.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE